# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLOBAL TRANSACTIONS, LLC,<br>        Plaintiff,<br><br>    v.<br><br>GLOBAL SPECTRUM PICO PTE., LTD.,<br>        Defendant. | CIVIL ACTION<br><br><br><br><br>NO. 12-7208 |

DuBois, J.                                                                                                                         March 6, 2013

# M E M O R A N D U M

## I.   INTRODUCTION

On November 26, 2012, plaintiff Global Transactions, LLC filed suit against defendant Global Spectrum Pico Pte., Ltd. in the Philadelphia County Court of Common Pleas.  On December 26, 2012, defendant removed the case to this Court.  Plaintiff now moves to remand the case because the Notice of Removal was fundamentally defective, in violation of 28 U.S.C. § 1446.  Defendant opposes that motion and simultaneously moves for leave to amend its Notice of Removal.  For the reasons set forth below, the Court grants Plaintiff's Motion for Remand and denies Defendant's Motion to Amend Notice of Removal.

## II.  BACKGROUND

### A.   Factual Background

Plaintiff's claims arise from defendant's alleged unlawful withholding of consulting fees owed under a consulting agreement between the parties.  (Compl. ¶ 7.)  The Complaint is based on, inter alia, breach of contract and, alternatively, unjust enrichment.

### B.   Procedural Background

On December 26, 2012, thirty days after the initial filing of the complaint in the Philadelphia County Court of Common Pleas, defendant filed a Notice of Removal in this Court.

In that Notice, defendant claimed there was diversity between the parties. Specifically, defendant averred that plaintiff was a citizen of Texas and that defendant was a "foreign limited liability company, with members who are citizens of the States of Pennsylvania, Delaware, Florida, and the Country of Singapore." (Notice of Removal ¶ 7.) It also averred that it was a "Singapore corporation" and therefore a "citizen of a foreign state." (Id. at ¶¶ 8, 9.) Defendant did not allege its principal place of business.

On December 28, 2012, defendant filed an Amended Notice of Removal. This Amended Notice was filed thirty-two days after the initial filing of the Complaint, and defendant did not seek leave of the Court to amend its Notice of Removal. In this Amended Notice, defendant excised its allegation that it was a limited liability company with a members in, inter alia, Pennsylvania. Instead, defendant asserted that it was a "Singapore corporation" and "[a]s such, it is a citizen of a foreign state." (Amended Notice of Removal ¶¶ 8, 9.) However, it once again failed to allege its principal place of business.

On January 22, 2013, plaintiff filed its Motion for Remand. Plaintiff argues that the notice of removal was fundamentally defective for numerous reasons. Although plaintiff admits it is a Texas citizen and that complete diversity exists between the parties, it argues that defendant is a citizen of Pennsylvania, and therefore the "Forum Defendant Rule" codified in 28 U.S.C. § 1441(b)(2) bars removal of the case on diversity grounds.

On February 15, 2013, defendant filed its opposition to the Motion for Remand and simultaneously filed a Motion for Leave to Amend Notice of Removal. In the latter motion, defendant requests leave to amend its original Notice of Removal to aver that it is a citizen of Singapore because it is a "private limited company organized under the laws of the Republic of Singapore with its principal place of business in Singapore." (Def.'s Mot. to Amend at 3.)

### III. LEGAL STANDARD

28 U.S.C. § 1441(a) provides the basis for removal:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

In a motion to remand, "the removal statute should be strictly construed and all doubts should be resolved in favor of remand." Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985). "The party seeking removal has the burden of showing that federal subject-matter jurisdiction exists, that filing of the notice of removal was timely, and that removal is proper." Mountain Ridge State Bank v. Investor Funding Corp., 763 F. Supp. 1282, 1288 (D.N.J. 1991) (superseded by statute on other grounds). A case may be remanded to state court on the ground of a defect in the removal procedure. 28 U.S.C. § 1447(c).

### IV. DISCUSSION

The Court will address the original Notice of Removal, the Amended Notice of Removal, and defendant's Motion for Leave to Amend Notice of Removal in turn.

#### A. Original Notice of Removal

The original Notice of Removal contained two seemingly contradictory statements about defendant's corporate status: defendant identified itself both as a "limited liability company" and as a "corporation." In either case, the original Notice was defective.

##### i. Limited Liability Company

A limited liability company takes on the citizenship of its members. See Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010). Defendant averred that it had a member who was a citizen of Pennsylvania. Thus, defendant would be considered a citizen

3

of Pennsylvania.

"A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). In other words, the so-called "Forum Defendant Rule" bars removal in the case of complete diversity where the defendant or one of the defendants is a citizen of the forum state.

In this case, if defendant is a limited liability company, although complete diversity exists, defendant's Pennsylvania citizenship nonetheless bars the removal of the case. See 28 U.S.C. § 1441(b)(2). Thus, the removal based on the original Notice of Removal was improper.

      ii.    <u>Corporation</u>

A corporation's citizenship is determined from its state of incorporation in the United States or foreign state of incorporation and its principal place of business. See 28 U.S.C. § 1332(c)(1). "An allegation as to where the [party] has its principal place of business is a jurisdictional requirement." <u>Guerrino v. Ohio Cas. Ins. Co.</u>, 423 F.2d 419, 421 (3d Cir. 1970).

If defendant is not a limited liability company but a corporation, defendant failed to aver its principal place of business, instead merely stating that it was a "citizen of a foreign state." Although the parties now argue whether defendant's principal place of business is in Pennsylvania or Singapore, it is undisputed that the original Notice was defective for failing to include an averment of any kind on that issue. Thus, if in fact defendant is a corporation, removal was improper.

In light of the fact that "[t]he removal statute should be strictly construed and all doubts should be resolved in favor of remand," <u>Abels</u>, 770 F.2d at 29, defendant's original Notice is fundamentally defective for the aforementioned reasons and cannot support the removal of the

4

case.

B. <u>Amended Notice of Removal</u>

Although defendant attempted to fix the defects in its original Notice of Removal, defendant's Amended Notice of Removal was itself untimely and defective. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading…." 28 U.S.C. § 1446(b)(1). Some courts in this district have found that "the thirty-day limitation is mandatory and the court is without authority to expand it." See <u>Morganti v. Armstrong Blum Mfg. Co.</u>, 2001 WL 283135 at *3 (E.D. Pa. Mar. 19, 2001) (collecting cases). Even courts that have allowed amendment after the thirty day period have only allowed such amendment with leave of court. See <u>Godonou v. Rondo, Inc.</u>, 2012 WL 1969130 at *1 n.1 (E.D. Pa. May 31, 2012).

In this case, defendant admits that the Amended Notice was filed thirty-two days after the initial filing of the case, two days after expiration of the thirty day period for removal. Further, defendant did not seek leave of the Court to file the Amended Notice of Removal out of time. Thus, the Amended Notice of Removal was improperly filed.

Even assuming, <u>arguendo</u>, that the amendment without leave of the court was properly filed, the Amended Notice was nonetheless defective. In the Amended Notice, defendant excised its self-identification as a limited liability company, leaving only its averment that it was a "Singapore corporation." However, it again failed to aver its principal place of business. This missing allegation renders the Amended Notice defective, and the Amended Notice cannot support removal of the case.

C. <u>Defendant's Motion for Leave to Amend Notice of Removal</u>

In response to plaintiff's motion to remand, defendant requests leave of the Court to amend

its original Notice of Removal. In addressing this motion, the Court cannot ignore defendant's previous attempt to amend. Defendant effectively seeks leave to supply an allegation missing from its original Notice and Amended Notice: specifically, that its principal place of business is in Singapore. Further, it attempts, for the third time, to correctly aver its corporate status and now identifies as a Singaporean "private limited company." Thus, defendant argues it has finally shown complete diversity in such a way that the "Forum Defendant Rule" does not bar removal.

"While an amendment made after the 30-day window of §1446(b) will be permitted to 'correct an imperfect statement of citizenship,' defendants may not 'furnish missing allegations.'" Dragani v. Genesse Valley Investors, 2011 WL 2491066 at *6 (D.N.J. June 6, 2011) report and recommendation adopted sub nom. Dragani v. Genesse Valley Investors, LLC, 2011 WL 2472770 (D.N.J. June 20, 2011) (citing 14C Charles A. Wright et al., Federal Practice & Procedure § 3733, at 655): see also Gargiulo v. Dessauer, 2004 WL 966240 at *2 (E.D. Pa. May 5, 2004) (same).

Defendant cites Horowitz v. Fed. Kemper Life Assur. Co., 861 F. Supp. 1252 (E.D. Pa. 1994) aff'd in part, vacated in part, 57 F.3d 300 (3d Cir. 1995) for the proposition that the "failure to allege a corporation's principal place of business in a complaint is a jurisdictional defect that may be amended." Id. at 1256 n.4. However, that statement was made in the context of a complaint that failed to allege the defendant's principal place of business. In Horowitz, the defendant's Notice of Removal was "technically correct in all respects regarding the allegation of [defendant's] citizenship." Id. The Horowitz court allowed the amendment of a complaint, not a Notice of Removal, to supply a missing allegation of a defendant's principal place of business. It is inapposite to this case.

In this case, defendant's third attempt to file a proper Notice of Removal does not merely correct an "imperfect statement of citizenship" but instead adds a missing jurisdictional allegation

after the thirty day period for removal has expired. Indeed, in remanding a case to state court, Judge Pratter recently concluded under somewhat similar facts,

> Neither malfeasance by [plaintiff] nor an unforeseen circumstance prevented [defendant] from timely meeting its burden here. Indeed, it is quite clear that [defendant] had the wherewithal to supply the requisite information and to do so efficiently and economically.

Johnson v. Nat'l Consolidation Services, LLC, 2013 WL 638600 at *2 (E.D. Pa. Feb. 21, 2013).

The same can be said of defendant in this case. Defendant has now tried three times to properly remove this case and has twice failed to either correctly identify its corporate status or aver the necessary facts about its corporate status. This is not a situation of a defendant attempting to "correct an imperfect statement of citizenship;" instead, defendant seeks leave to "furnish missing allegations" regarding its citizenship after twice failing to properly include them. Bearing in mind that "[t]he removal statute should be strictly construed and all doubts should be resolved in favor of remand," Abels, 770 F.2d at 29, the Court concludes that defendant may not amend its original Notice of Removal (or its Amended Notice of Removal).

**V. CONCLUSION**

For the reasons set forth above, plaintiff's Motion to Remand is granted and defendant's Motion for Leave to Amend Notice of Removal is denied. The case is remanded to the Philadelphia County Court of Common Pleas.

An appropriate order follows.